

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

SEGIN SYSTEMS, INC., et al,

       Plaintiff,

v.                                   ACTION NO. 2:13cv190

STEWART TITLE GUARANTY COMPANY, et al,

       Defendants.

## O R D E R

On April 8, 2014, the Court held a hearing on Plaintiffs' Motion to Compel. ECF No. 58. Plaintiffs were represented by Vanessa Biondo, Esq., and Ethan Ostroff, Esq. Defendants were represented by Jayme Partridge, Esq., David Foster, Esq., and W. Ryan Snow, Esq. The official court reporter was Jody Stewart.

For the reasons stated on the record, the Court DENIES Plaintiffs' request to waive or overrule Defendant's objections based on Plaintiff's allegations that Defendants failed to timely file objections or a privilege log; the Court finds that neither were filed in an untimely manner.

The Court ORDERS that Defendants will run all agreed-upon search terms on the two terabytes of discovery data already collected, and by April 22, 2014, will produce either the requested discovery or an affidavit from their discovery vendor detailing the reasons the discovery is not yet prepared. Defendants are further ORDERED to specifically identify the search terms used. Plaintiffs' request for sanctions based on Defendants' alleged failure to perform a reasonable inquiry is DENIED as moot, given the imposition of the April 22, 2014 deadline. Both parties are ORDERED to confer and reach an agreement regarding the time, place and

manner of discovery turnover.   If the parties cannot agree to a specific time, place and manner, the Court will set the time and date of delivery, which will take place in the Norfolk Courthouse.

Defendants are further ORDERED to advise Plaintiffs of all of Stewart Title Guaranty Company and PropertyInfo Corporation's affiliates, parent companies, and other related entities (hereinafter "affiliate entities"), and advise Plaintiffs of which affiliate entities have documents and information relevant to the suit.   Furthermore, Defendants must provide statements under oath from a knowledgeable employee, identifying which affiliates are mere users of the AgencySecure software and have no documents or relevant information by the April 22, 2014 deadline.

The Court finds that Defendants failed to meet their burden to show that all products in the AgencySecure suite of products are not relevant to the litigation, and thus only information regarding On-Trac and AIM+ is discoverable; the Court finds that because the products are sold as a package, discovery of material related to the entire AgencySecure suite is likely to lead to the discovery of relevant material.   Therefore, Defendants' objections to this discovery are OVERRULED, and Defendants must provide discovery for all components of the AgencySecure Suite by April 22, 2014.

Finally, this Court OVERRULES all of Defendant's general objections to discovery as frivolous, and OVERRULES all specific objections as boilerplate except the Defendant's objections to discovery regarding the AgencySecure Suite as a whole, which are overruled above. Defendants are ORDERED to respond to Plaintiff's interrogatories and requests for production by April 22, 2014.   The Court reserves ruling on Plaintiff's request for attorney's fees.

The Court reminds the parties that they have a duty to promptly supplement discovery.   If

any further discovery issues arise, the parties are encouraged to schedule a telephone conference call if necessary, to attempt to resolve them promptly.

The Clerk shall mail a copy of this Order to all counsel of record.


_____/s/_____
Tommy E. Miller
United States Magistrate Judge


Norfolk, Virginia
April 9, 2014