

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SEGIN SYSTEMS, INC.,
and
SEGIN SOFTWARE, LLC
d/b/a RYNOHLIVE,

      Plaintiffs,

v.                                          CIVIL ACTION NO. 2:13cv190

STEWART TITLE GUARANTY COMPANY,
PROPERTYINFO CORPORATION,
and
FIRST BANKING SERVICES, INC.,

      Defendants.

*MEMORANDUM OPINION & ORDER*

    Before the Court is Defendants' Renewed Joint Motion to Stay. ECF No. 128. Plaintiffs developed, own, and employ a patented real estate settlement fraud prevention software system. Eight months after Plaintiffs filed this suit against Defendants for patent infringement and breach of contract, Defendants filed a petition for a review of the covered business method patent at issue with the Patent Trial and Appeal Board of the United States Patent and Trademark Office ("PTAB"). Shortly thereafter, Defendants filed their first stay motion asking the Court to stay this action pending that review pursuant to section 18(b) of the America Invents Act. Reasoning that it was unknown whether that review would occur, the Court denied Defendants' first stay motion without prejudice to renew it. The PTAB has since indicated that it will review all claims of the patent, and Defendants filed the instant motion requesting that this action be stayed pending that review. The Court granted a stay of the patent infringement count, but ordered further

1

briefing as to whether the breach of contract claim should be stayed. That briefing is now complete, and for the reasons stated below, Defendants' Renewed Joint Motion to Stay is now **GRANTED IN PART AND DENIED IN PART**.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 24, 2012, the U.S. Patent and Trademark Office ("PTO") issued a patent to Plaintiff Segin Software entitled "Method of Settling a Real Estate Transaction and System Implementing the Method." Compl. ¶ 50. Plaintiff Segin Systems had designed the patented software system as a method of combating and detecting fraud in the real estate settlement field. Compl. ¶¶ 10-11. It launched the system, called Rynoh*Live*, in early 2009. Compl. ¶ 12. Plaintiff Segin Software, LLC is a subsidiary of Plaintiff Segin Systems and now owns the rights to the patent. Compl. ¶ 17.

When this software system was in its early development stages in 2004, one of the founders of Segin Systems communicated with Defendant Stewart Title Guaranty Company ("Stewart Title") about the project. Compl. ¶ 22. Shortly thereafter, the parties entered into Nondisclosure Agreements to restrict the disclosure of information about the project. Compl. ¶¶ 23-24. The parties continued to meet and discuss the prospect of Defendant Stewart Title purchasing the rights to use Rynoh*Live*. Compl. ¶¶ 30-31. Stewart Title made an offer in 2008, which Segin Systems rejected. Compl. ¶¶ 32-33. In late 2009, Stewart Title launched its own real estate settlement technology system developed by Defendant First Banking Services ("FBS"). Compl. ¶ 37. Plaintiffs now contend that system is an infringing "clone" of Rynoh*Live* that directly competes with it, and that Stewart Title passed on the information it learned about Plaintiffs' patented system to FBS so that FBS could develop the competing system. Compl. ¶¶ 36-38.

On April 12, 2013, Segin Systems and Segin Software filed a complaint against Stewart

Title, PropertyInfo Corporation, and FBS for patent infringement and breach of contract. Defendants were served with the complaint on or about July 25, 2013. Joint Mot. to Stay 3. Plaintiffs allege that all three Defendants have infringed and continue to infringe the patent. They also raise a breach of contract claim against Stewart Title and its affiliate PropertyInfo Corporation, and allege that those two Defendants breached and continue to breach the Nondisclosure Agreements. As the jurisdictional basis for the state law breach of contract claim, the Complaint cites only this Court's supplemental jurisdiction. 28 U.S.C. § 1367.

On September 23, 2013, Defendants filed their Answers to the Complaint generally denying the allegations. Defendants Stewart Title and PropertyInfo also raised counterclaims seeking, *inter alia*, a declaration that the patent is invalid. Defendant FBS filed an Amended Answer on October 15, 2013 that raised a similar counterclaim, and on November 18, 2013, Plaintiffs filed their answer to the counterclaims.

On December 26, 2013, Defendants filed their first Motion to Stay. After the matter was fully briefed, on March 31, 2014, the Court entered a Memorandum Opinion & Order denying the motion without prejudice to renew it should the PTAB agree to review the disputed patent. On July 10, 2014, Defendants filed a Notice indicating that on July 8, 2014, the PTAB instituted a covered business method review of all claims of the patent at issue, finding that "it is more likely than not that the challenged claims are unpatentable." ECF No. 127. They also filed the instant Renewed Joint Motion to Stay, ECF No. 128, and accompanying Memorandum, ECF No. 129. The Court set an abbreviated deadline for the Response in light of the upcoming *Markman* hearing, and also indicated that no Reply was necessary. After Plaintiff filed a Response in Opposition, ECF No. 132, the Court entered an order staying the patent infringement claim (Count 1) and deferring ruling on the breach of contract claim (Count 2) pending Defendants' Reply addressing

3

that issue. Defendants have now filed replies, ECF Nos. 140, 141, and the matter is accordingly ripe for disposition.

Additionally, after Defendants filed their Reply as directed, Plaintiffs filed a Motion for Leave to File a Surreply and supporting Memorandum. ECF Nos. 144, 145.

## II. LEGAL STANDARD

As the movants seeking a stay, Defendants bear the burden of demonstrating that a stay is warranted. *E.g.*, *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 489-90 (D. Del. 2013). The Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), provides for PTO review of covered business method ("CBM") patents. Section 18 of the AIA, effective as of September 16, 2012, provides the relevant standard for a stay pending that review. When a party has filed for review of the validity of a covered business method ("CBM") patent and then seeks a stay of a civil action alleging infringement of that patent,

> the court shall decide whether to enter a stay based on—
> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

AIA § 18(b)(1). Parties may file an immediate interlocutory appeal of the court's decision to grant or deny the stay motion in the United States Court of Appeals for the Federal Circuit. *Id.*

The Court notes that it finds that the above standard applicable even now that it is only considering whether to stay a single claim that does not allege patent infringement. The AIA applies where "a party seeks a stay of a civil action alleging infringement of a patent," and this is such a civil action, even though it is composed of multiple claims. *See also Ethicon, Inc. v.*

4

*Quigg,* 849 F.2d 1422, 1426–27 (Fed.Cir.1988) (discussing the inherent power of a court to stay a case in order to efficiently manage its docket).

### III. ANALYSIS

The Court hereby incorporates by reference its prior discussions of the four factors in its two prior stay orders. ECF Nos. 73, 139.

An analysis of the first factor, whether staying the state law breach of contract claim "will simplify the issues in question and streamline the trial," turns in part on the extent of any interdependence between the two claims. If the PTAB's potential resolution of the validity of the patent would have no impact on the outcome of the breach of contract claim, then this factor would weigh against a stay because allowing the PTAB to proceed first would not simplify the breach of contract matter. If, however, the validity of the patent would resolve an issue within the breach of contract claim, then a stay would simplify the issues in question. *See Nippon Steel & Sumito Metal Corp. v. POSCO,* 2013 WL 1867042, at *8 (D.N.J. May 2, 2013) (stay is not appropriate where claims merely share a common nucleus of operative facts because the claims "do not depend on the validity of the patent in any way").

Recognizing the importance of this issue, the parties vigorously dispute the extent of the overlap of the two claims. Plaintiffs claim that the "breach of contract claim is entirely separate from, and in no way predicated upon, [the] patent claim." ECF No. 132, at 21. By contrast, Defendants contend that the two claims are "inseparable" ECF No. 140, at 5. Specifically, they emphasize that the non-disclosure agreements that are the subject of the breach of contract claim exclude information which "[i]s or becomes publicly available through authorized disclosure" from the definition of "confidential information." Information that Plaintiffs or their predecessors disclosed when applying for the patent will therefore not be protected. But this does

5

not establish that a ruling from the PTAB as to the validity of the patent will have any effect whatsoever on the breach of contract claim. It may indeed be relevant what information was disclosed, but that is a factual matter independent from the validity of the patent. Defendants have not shown that the PTAB proceeding will have any impact on the breach of contract claim (outside of potentially duplicative discovery, which will be addressed in the context of the fourth factor, below); therefore, that claim will remain and will not be simplified no matter what the outcome of PTAB review.

However, the Court must also consider whether a stay will "streamline the trial." If the Court did not stay the breach of contract claim, and if the PTAB does not find that all claims of the disputed patent are invalid, then the Court will be required to hold two trials. Moreover, the Court concludes that a partial stay will increase, rather than simplify, the issues in dispute, because the Court will be required to adjudicate which contested discovery matters pertain to which claim and to which parties (as the breach of contract claim was not brought against FBS). In light of all of the considerations with respect to the first factor, the Court concludes that the first factor is neutral.

Although discovery has progressed since the Court's first order and the parties have now completed their *Markman* briefings, the Court concludes that the second factor remains neutral given the remaining matters to be conducted and that the parties are still two and a half months from the scheduled trial. ECF Nos. 73, 139.

The third factor (undue prejudice and clear tactical advantage) now weighs against a stay, but no longer strongly against a stay. The Court previously found that Plaintiffs are likely to suffer undue prejudice as a result of delay because they are Defendants' direct competitors. This is still true, and is particularly so because a decision from the PTAB is not expected until at least the middle of next year. ECF No. 132, at 13. However, the Court also relied on a clear tactical

advantage because Defendants would potentially have two separate forums in which to challenge the validity of the patent. ECF No. 73, at 12. This is not a relevant consideration with respect to the breach of contract claim. Accordingly, the third factor weighs against a stay.

As to the fourth factor, the Court concludes that it weighs strongly in favor of a stay. The Court recognizes that it has inherent interest "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). However, allowing the case to progress in a piecemeal fashion will increase the burden of litigation in this case. *Versata Software, Inc. v. Dorado Software, Inc.*, 2:13-CV-00920-MCE, 2014 WL 1330652 (E.D. Cal. Mar. 28, 2014). Even if the PTAB finds that all claims of the patent are invalid, obviating the need for a second trial and for any further proceedings as to the patent infringement claim, the Court will still have to expend resources adjudicating the discovery disputes between the parties. This is because discovery has already been contentious and if the contract claim were to go forward, the Court would in addition be required to adjudicate which discovery matters pertain to the breach of contract claim and which do not. *See Regents of the Univ. of Mich. v. St. Jude Medical, Inc.*, No. 12-12908, 2013 WL 2393340, at *3 (E.D. Mich. May 31, 2013). Moreover, the parties may have to duplicate some remaining discovery matters, such as deposing witnesses twice who have information as to both claims. ECF No. 140, at 5. The fourth factor therefore weighs strongly in favor of a stay.

In sum, the first and second factors are neutral, the third factor weighs against a stay, and the fourth factor weighs strongly in favor of a stay. Therefore, the balance of the factors weighs in favor of a stay of the breach of contract claim, and Defendants' Renewed Joint Motion to Stay is therefore **GRANTED**.

## IV. CONCLUSION

For the reasons stated above and in the Court's July 23, 2014 Order, Defendants' Renewed Joint Motion to Stay, ECF No. 128, is **GRANTED**.

Plaintiffs have not demonstrated good cause warranting filing a Surreply. This matter has been adequately briefed. Accordingly, their Motion for Leave to File, ECF No. 142, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 7, 2014

/s/
Raymond A. Jackson
United States District Judge